**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Abrahamian,<br><br>          Plaintiff,<br><br>v.<br><br>loanDepot.com LLC,<br><br>          Defendant. | No. CV-23-00728-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendant loanDepot.com LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 19) and Motion to Strike Class Allegations (Doc. 20). Plaintiff responded to both Motions (Doc. 23; Doc. 24) and Defendant replied (Doc. 25; Doc. 26). Both parties also submitted Notices of Supplemental Authority. (Doc. 27; Doc. 28). After considering the parties' arguments and relevant case law, the Court will deny both Motions.

**I.     BACKGROUND**

This case stems from alleged solicitation calls to Plaintiff's phone in violation of the Telephone Consumer Protection Act ("TCPA"). (Doc. 14 at 2 ¶ 1.) In his First Amended Complaint ("FAC"), Plaintiff asserts that his telephone number ending in -5070 has been registered with the Do-Not-Call ("DNC") Registry since October 25, 2007. (*Id.* at 3 ¶ 11.) Plaintiff alleges that on September 16, 2022, Defendant called his phone number twice and sent him a text message to encourage Plaintiff to purchase a home equity loan or other products and services. (*Id.* at 4 ¶¶ 16–20.)

Plaintiff contends that he did not provide his phone number to Defendant or consent to receive calls or text messages from Defendant for any purpose. (*Id.* ¶¶ 14–15.) Plaintiff also asserts that he did not have existing business relationship with Defendant. (*Id.* ¶ 15.) In turn, Plaintiff alleges that Defendant placed these calls and sent the text message despite either knowing or being willfully ignorant that his number is listed on the DNC Registry. (*Id.* ¶ 17.) Additionally, Plaintiff seeks to "represent a class of similarly situated persons who have also received unwanted telemarketing text messages and calls" from Defendant. (*Id.* at 5 ¶ 25.) In response, Defendant filed a Motion to Dismiss (Doc. 19) and a Motion to Strike the Class Allegations (Doc. 20).

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This requirement is met if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

Further, "[m]otions to strike are a drastic remedy and generally disfavored." *Holyoak v. United States*, No. CV 08-8168-PHX-MHM, 2009 WL 1456742, at *1 (D. Ariz. May 21, 2009). Particularly, motions to strike class allegations are disfavored because a motion for class certification is the more appropriate vehicle to consider class issues. *Baughman v. Roadrunner Commc'ns*, No. CV-12-565-PHX-SMM, 2013 WL 4230819, at *2 (D. Ariz. Aug. 13, 2013) (citing *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008)). To succeed, a motion to strike class allegations must show from the face of the complaint that no class can be certified. *Id.*; *see also Caplan v. Budget Van Lines, Inc.*, No. 220CV130JCMVCF, 2020 WL 4430966, at *4 (D. Nev. July 31, 2020) ("While this court can strike class allegations for insufficiency, it does so when Plaintiff's allegations fail from a pleading perspective, not from a class competency perspective.").

### III. DISCUSSION

#### A. Motion to Dismiss

The TCPA prohibits initiating "more than one telephone [solicitation] within any 12-month period" to a consumer whose "telephone number [appears] on the national do-

not-call registry." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(C)(2). A telephone solicitation is "a telephone call or message for the purpose of encouraging the purchase of . . . services, which is transmitted to any person." 47 U.S.C. § 227(a)(4). The Federal Communications Commission has noted, and the Ninth Circuit has agreed, that whether a call is a solicitation turns on the "purpose of the message." *See Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012); *In Re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14098 (2003).

Defendant first argues that Plaintiff's claims fail because Plaintiff did not allege that he personally listed his number on the DNC Registry. (Doc. 19 at 5.) Plaintiff counters that this argument ignores the text of the relevant regulation and is contrary to other authorities. (Doc. 23 at 4.) Defendant cites to *Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278 (N.D. Iowa June 9, 2022)—an out-of-circuit case that dismissed a TCPA claim by narrowly reading the relevant regulation. *Id.* at *3–5. The Court is not bound by this case. Moreover, the Court finds the complete language of the implementing regulation more instructive. *See* 47 C.F.R. § 64.1200(c)(2). Though the regulation states that it applies to a "residential telephone subscriber who has registered his or her number" on the DNC Registry, it goes on to require that DNC registrations "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

The Court reads this language to mean that as phone numbers change hands, the DNC Registry may not always reflect which consumers requested to be included. Therefore, the Court finds that the language includes the term "indefinitely" to remove the ambiguity of which numbers should be protected. Furthermore, the Ninth Circuit takes a broad view of this regulatory language. *See Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 988–91(9th Cir. 2023) (applying the TCPA even when unsolicited calls or texts are intended for or solicited by another individual or someone else using the phone at the time). Lastly, other district courts have found similarly, and although not binding, the Court finds their analyses persuasive. *See, e.g.*, *Callier v. Am.-Amicable Life Ins. Co. of Texas*, EP-22-

CV-00018-FM, 2022 WL 17732717, at *5 (W.D. Tex. Oct. 18, 2022).

Additionally, at this stage, the Court is permitted to draw reasonable inferences and look to the allegations in the light most favorable to Plaintiff. *See Cousins*, 568 F.3d at 1067. Regardless of any textual analysis, it remains a reasonable inference under these facts that Plaintiff registered his phone number with the DNC Registry. (Doc. 23 at 4–5.); *see also Callier*, 2022 WL 17732717, at *6. Accordingly, Defendant's argument fails.

Next, Defendant asserts that Plaintiff cannot establish that the calls at issue qualify as telephone solicitations. (Doc. 19 at 8–10.) Defendant argues that Plaintiff cannot show that the calls were for a marketing purpose because he did not answer the calls. (*Id.*) Plaintiff counters that he never provided his telephone number to Defendant and that the text message he received from Defendant confirms that both telephone calls and the text message were solicitations. (Doc. 23 at 22–23.) The Court agrees with Plaintiff.

Plaintiff has adequately plead that he did not provide his phone number to Defendant or make any sort of business inquiry with Defendant. (Doc. 14 at 4 ¶¶ 16–17.) Although the Court recognizes that the first call, without more, would be insufficient to save this claim, it was immediately followed by a text message soliciting Plaintiff's business. (*Id.* ¶¶ 17–20.) Defendant then called Plaintiff a second time. (*Id.*) This suggests a common purpose to the calls, especially when taken in conjunction with the text message. *See Whittaker v. Freeway Ins. Services Am., LLC*, CV-22-8042-PCT-DGC, 2023 WL 167040, at *2 (D. Ariz. Jan. 12, 2023) (holding that contact from an insurance company with no preexisting relationship with the plaintiff constituted a solicitation and that multiple phone calls in one day suggests a common purpose to the calls). Taking these allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently plead that these contacts constituted telephone solicitations.

Lastly, Defendant asserts that Plaintiff's class claims for a violation of the TCPA must be dismissed under *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109 (9th Cir. 2022) and *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990). (Doc. 19 at 10–13.) Defendant argues that under the tests outlined in these cases, Plaintiff has failed

to plead facts demonstrating that they are entitled to aggregated damages. (*Id.* at 11.) Plaintiff argues that at this early pleading stage, Defendant's argument is misplaced. (Doc. 23 at 9.)

The Court agrees that Defendant's argument is premature. Any challenge to damages cannot occur until after a verdict. Accordingly, any due process challenge to excessive damages may only be raised post-trial. *See Smith v. loanDept.com, LLC*, No. CV-22-01674-PHX-GMS, 2023 WL 8183173, at *1 (D. Ariz. Nov. 27, 2023). The Court will not dismiss the FAC merely because of the *potential* that the aggregated statutory damages will be unconstitutionally excessive. *See j2 Glob. Commc'ns, Inc. v. Protus IP Sols.*, No. CV06-00566 DDP (AJWx), 2008 WL 11335051, at *9 (C.D. Cal. Jan 14, 2008) ("The Court finds that the question of excessive damages will be ripe for adjudication after issuance of a verdict. A due process challenge to excessive damages may be raised post-trial.") (internal citation omitted).

In fact, both of Defendant's cited cases support this approach. In regard to aggregate damages, *Wakefield* analyzed whether a $925,220.000 aggregate damages award violated due process because it was unconstitutionally excessive. 51 F.4th at 1120–25. In *Six Mexican Workers*, the Ninth Circuit also addressed the magnitude of a damage award post-trial. 904 F.2d at 1309–11. Neither case limited the pleading of aggregate damages. Accordingly, the Court finds Defendant's argument on this point premature. In sum, Plaintiff has adequately stated a plausible claim, and Defendant's Motion to Dismiss will be denied.

### B. Motion to Strike

Defendant also moves to strike Plaintiff's class definition, arguing that it is facially uncertifiable as a matter of law. (Doc. 20 at 4.) Plaintiff counters that Defendant's issues with the proposed class are unavailing, and that these issues should be addressed at class certification. (Doc. 24 at 4.) In his FAC, the Plaintiff put forth the following class:

> DNC Registry Class: All persons in the United States who received more than one telephone call/s or text message/s from or on behalf of Defendant,

> placed or sent to said person's residential phone number that was registered with the National Do Not Call Registry for at least thirty (30) days, for the purpose of selling Defendant's products and/or services, from four years prior to the filing of this action through the date of class certification.

(Doc. 14 at 6 ¶ 26.) Defendant argues that the proposed class is overly broad because it fails to exclude calls made with consent and to individuals with an established business relationship. (Doc. 20 at 5–6.) Defendant claims that this omission makes the class inherently deficient because of "its failure to exclude calls lawfully made under the TCPA." (*Id.* at 6.) Defendant also argues that the proposed class lacks the requisite commonality. (*Id.* at 9–10.) These arguments are premature. "Comprehensive briefing of the issues surrounding the proposed class are not before the Court and it is premature to address the appropriateness of its scope." *Declements v. Americana Holdings LLC*, No. CV-20-00166-PHX-DLR, 2020 WL 3499806, at \*2 (D. Ariz. June 29, 2020); *see also Webb v. Circle K Stores Inc.*, No. CV-22-00716-PHX-ROS, 2022 WL 16649821, at \*3 (D. Ariz. Nov. 3, 2022) ("The proper stage for fine-tuning the class definition is certification, not pleading."). Accordingly, the Court will not address the appropriateness of the scope of the class at this juncture.

Defendant further contends that the class cannot be certified because it includes individuals that did not personally register their phone numbers on the DNC Registry. (Doc. 20 at 8.) However, this issue was addressed above, and it also remains a question better addressed at the class certification stage. Finally, Defendant argues that the Court should not wait until the certification stage but rather should strike the proposed class definition in this Order. (*Id.* at 11.) However, Plaintiff's class allegations do not fail from a pleading perspective. *See Baughman*, 2013 WL 4230819, at \*2. Plaintiff has adequately plead a class at this stage of the case. Moreover, at least two courts in the District of Arizona have certified classes similar to the proposed class in Plaintiff's FAC. *See Head v. Citibank, N.A.*, 340 F.R.D. 145, 157 (D. Ariz. 2022); *Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238, 247 (D. Ariz. 2019). In short, whether this proposed class can be certified remains a question for a later motion. The Court does not find that Plaintiff's class is

facially uncertifiable and will therefore deny Defendant's Motion to Strike.

## IV.     CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED denying** Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 19).

**IT IS FURTHER ORDERED denying** Motion to Strike Class Allegations (Doc. 20).

Dated this 13th day of March, 2024.

Honorable Susan M. Brnovich
United States District Judge