**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Abrahamian, | No. CV-23-00728-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| loanDepot.com LLC, | |
| Defendant. | |

Plaintiff Lee Abrahamian filed suit against Defendant loanDepot.com LLC after he allegedly received unsolicited calls and text messages from Defendant in violation of the Telephone Consumer Protection Act ("TCPA") (Doc. 14 (First Amended Class Action Complaint ("Amended Complaint"))).  *See* 47 U.S.C. § 227 *et seq.*; 47 C.F.R. § 64.1200(c)(2).  Defendant filed an Answer asserting thirty-one affirmative defenses (Doc. 31).  Plaintiff now moves to strike various affirmative defenses as improperly asserted or legally insufficient (Doc. 34 (Plaintiff's Motion to Strike Purported Affirmative Defenses)).  The parties fully briefed the Motion (*see* Doc. 36 (Defendant's Response); Doc. 40 (Plaintiff's Reply)).  The Court has considered the parties' arguments and applicable law and will grant Plaintiff's Motion in part and deny it in part for the following reasons.

## I.      BACKGROUND

Plaintiff, a resident of Buckeye, Arizona, has had his personal phone number registered on the National Do Not Call Registry ("DNC Registry") since 2007.  (Doc. 14

at 2–3 ¶¶ 5, 11.)  Defendant is a national home mortgage lender headquartered in California.  (*Id.* at 2 ¶ 6; Doc. 31 at 2 ¶ 6.)  Plaintiff alleges that he received two phone calls and one text message from Defendant within the last year, in which Defendant encouraged him to purchase a home equity loan and its other products and services.  (Doc. 14 at 4 ¶¶ 16–20.)  Plaintiff claims that he did not give Defendant permission to contact him, nor did he have any relationship with Defendant prior to the calls.  (*Id.* ¶¶ 14–15.)

Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and others unlawfully contacted by Defendant.  (*Id.* at 6 ¶ 26–27.)  Plaintiff asserts a single count against Defendant for violations of the TCPA.  (*Id.* at 7–8 ¶¶ 36–4.)  Consequently, Plaintiff claims entitlement to $500.00 in statutory damages and treble damages per violation under 47 U.S.C. § 227(c)(5)(B).  (*Id.* at 8 ¶ 42.)  Defendant raised thirty-one defenses.  (Doc. 31 at 9–15.)  Plaintiff moves pursuant to Federal Rule of Civil Procedure 12(f) to strike the following defenses (collectively, the "challenged defenses"):

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

2. This Court lacks personal jurisdiction as to the claims of absent class members who reside outside of California or whose claims have no connection whatsoever to California.

3. Plaintiff and the putative class's claims against loanDepot are barred, in whole or in part, because the alleged injuries were caused by acts or omissions of Plaintiff/the putative class members and/or third parties and/or by events outside the control of any of the parties and/or a superseding intervening cause and not by loanDepot.

4. loanDepot did not violate the TCPA directly, and Plaintiff fails to allege a claim under any theory of vicarious liability.

. . . .

7. Plaintiff and the putative class's claims are barred under the doctrines of laches and/or unclean hands.

8.  To the extent that Plaintiff's and the purported class members' claims relate to conduct beyond the applicable statute of limitations, such claims are barred.

9.  Plaintiff's and the purported class members' claims are barred to the extent they are not the "called party" within the meaning of the TCPA.

10. Plaintiff's and the purported class members' claims are barred, or damages reduced, to the extent that any harm or injuries were the result of, in whole or in part, the negligent or intentional acts or omissions of third parties.

. . . .

12. loanDepot is informed and believes that Plaintiff's claims and the claims of the putative class members are barred in whole or in part as a result of their failure to mitigate their alleged damages, if any, and any recovery should be reduced in proportion to their failure to mitigate such damages.

13. loanDepot did not willfully or knowingly contact Plaintiff on the phone numbers at issue without prior express consent.  To the extent that there was any violation of the TCPA, which loanDepot denies, loanDepot shall be liable for no more than a $500.00 penalty, as loanDepot denies that it willfully and knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

. . . .

15. loanDepot's actions were proper and legal, and at all times it acted with good faith and without malice. Thus, to the extent there was any violation of the TCPA, which loanDepot denies, such violation(s) were not knowing and willful.

16. To the extent there was any violation of the TCPA, which loanDepot denies, loanDepot's actions were not knowing and/or willful because any violation was unintentional and the result of a *bona fide* error despite the maintenance of procedures reasonably adapted to avoid such violations.

. . . .

18. By reason of Plaintiff's and the putative class members' inaction with respect to and/or ratification of the calls he alleges were made by loanDepot, Plaintiff and the putative class members are estopped from

recovery herein and Plaintiff and the putative class members' claims against loanDepot are barred by the doctrines of waiver and/or estoppel (including res judicata, collateral estoppel, and judicial estoppel).

19. loanDepot's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff and the putative class members.

. . . .

24. The allegations of the First Amended Complaint, and the purported cause of action alleged in the First Amended Complaint, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous and unintelligible, and fail to meet the applicable pleading requirements.

25. Plaintiff's and the putative class members' claims are barred, in whole or in part, because Plaintiff's and the putative class members' requested relief is too speculative and/or remote and/or impossible to prove and/or allocate.

. . . .

27. Plaintiff's and the putative class members' claims fail or are otherwise barred, in whole or in part, because the calls—to the extent they occurred—were made with the prior express consent of Plaintiff and the putative class members.

28. loanDepot reserves the right to assert arbitration.

29. Plaintiff's and the putative class members' claims are barred, in whole or in part, because loanDepot has established and implemented written procedures to comply with the National DNC rules.

. . . .

31. loanDepot is without sufficient knowledge or information to form a belief as to whether it may have additional, but yet unstated, affirmative defenses available to it, and accordingly, loanDepot reserves the right to assert additional defenses in the event discovery indicates that the same would be appropriate.

(Doc. 34; Doc. 40.)

## II.    LEGAL STANDARD

On its own or by motion by either party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). These motions are generally disfavored, "as they involve a drastic remedy and may be used as a 'dilatory or harassing tactic.'" *J & J Sports Prods. Inc. v. Mosqueda*, No. CV-12-0523 PHX DGC, 2013 WL 951366, at *1 (D. Ariz. Mar. 12, 2013) (citation omitted). "As such, even when a motion to strike an insufficient defense is 'technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.'" *BBK Tobacco & Foods LLP v. Skunk Inc.*, No. CV-18-02332-PHX-JAT, 2019 WL 6065782, at *1 (D. Ariz. Nov. 15, 2019) (quoting 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 n.34 (3d ed. 2019)). "The Ninth Circuit applies a 'fair notice standard' to motions to strike affirmative defenses," in which "an affirmative defense need only describe the nature of the defense in general terms." *Cabanillas v. 4716 Inc.*, No. CV-20-00894-PHX-MTL, 2021 WL 1889798, at *1 (D. Ariz. Mar. 3, 2021) (citation omitted); *see also Kohler v. Flavia Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). This does not require the party show an entitlement to relief. *Ameristar Fence Prod., Inc. v. Phoenix Fence Co.*, No. CV-10-299-PHX-DGC, 2010 WL 2803907, at *1 (D. Ariz. July 15, 2010). In responding to a pleading in general, a party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). The pleading of affirmative defenses is governed by Federal Rule of Civil Procedure Rule 8(c). The Rule requires a party to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1).

## III.    DISCUSSION

### A. The Parties' Arguments

Plaintiff objects to the challenged defenses as being factually or legally insufficient.

Plaintiff moves to strike fifteen of the challenged defenses as factually insufficient to fair notice of the purported defenses.  (Doc. 34 at 3.)  These defenses include Defendant's: First, Third, Fourth, Seventh, Eighth, Tenth, Twelfth, Thirteenth, Fifteenth, Eighteenth, Nineteenth, Twenty-Fourth, Twenty-Fifth, Twenty-Seventh, Twenty-Eighth, and Thirty-First Affirmative Defenses.[1]  Plaintiff argues that the Ninth Circuit has not addressed whether a heightened pleading standard of *Twombly* and *Iqbal* applies to the "fair notice" standard for affirmative defenses and contends that these defenses fail even a lower "fair notice" standard.  (Doc. 40 at 2–4.)  According to Plaintiff, the inquiry into the amount of factual detail required depends on the defense in question, but even so, Defendant's mere legal conclusions are insufficient to plead an affirmative defense.  (*Id.*)  Defendant responds that many of Plaintiff's contentions inappropriately impute *Twombly* and *Iqbal*'s Rule 8(a) pleading requirements to its affirmative defenses, and courts in this District routinely refuse to apply that heightened pleading standard.  (Doc. 36 at 7–8.)  In Defendant's view, all that Rule 8(c) and the case law requires is "fair notice" by stating the nature and grounds for an affirmative defense, in which Defendant argues it has adequately pleaded.  (*Id.* at 9–11.)

Plaintiff also moves to strike Defendant's Second, Third, Seventh, Ninth, Tenth, Twelfth, Sixteenth, Eighteenth, and Twenty-Ninth Defenses as legally insufficient as not cognizable defenses to his statutory TCPA claim or not actual affirmative defenses.  (Doc. 34 at 6–7.)  Defendant responds that circumstances exist, and future discovery may reveal evidence to support their various defenses.  (Doc. 36 at 13–16.)  Defendant also argues that Plaintiff's contention that its defenses are conclusory, thus insufficient, provides a similar conclusory argument to which Plaintiff fault Defendant and not grounds to strike those defenses.  (*Id.* at 16–17.)

### A.  The Defenses

---

[1]  The Court notes that, although Plaintiff does not mention Defendant's Thirty-First Affirmative Defense directly in his Motion, he argues an attempt to reserve an affirmative defense for a later date is improper (Doc. 34 at 4 n.2.), which is what the defense addresses, and he expounds in his Reply brief that this defense lacks a valid factual basis (Doc. 40 at 4).  Defendant also addresses this similitude in their Response.  (*See* Doc. 36 at 8 n.1.)  Therefore, the Court finds that it is appropriate to address.

The Court agrees with Defendant as to the applicable standard for affirmative defenses. Although the Ninth Circuit's holding in *Kohler* requires defendants to plead affirmative defenses in "general terms," the court did not squarely address the applicability of the *Twombly* and *Iqbal* standard. Courts in this District have consistently applied the lower standard, which does not require detailed factual allegations. *See, e.g.*, *Ameristar Fence Prod., Inc. v. Phoenix Fence Co.*, No. CV-10-299-PHX-DGC, 2010 WL 2803907, at *1 (D. Ariz. July 15, 2010); *Martinez v. Alltran Fin. LP*, No. CV-18-04815-PHX-DLR, 2019 WL 1777300, at *2 (D. Ariz. Apr. 23, 2019); *Cabanillas*, 2021 WL 1889798, at *1; *Top Brand LLC v. Cozy Comforts Co. LLC*, No. CV-21-00597-PHX-SPL, 2021 WL 3666293, at *3 (D. Ariz. Aug. 18, 2021); *IFIXITUSA LLC v. Ifixit Corp.*, No. CV-21-00887-PHX-DGC, 2022 WL 3647788, at *3 (D. Ariz. Aug. 24, 2022). However, denials of allegations in a complaint or allegations that the plaintiff cannot prove the necessary elements of a claim are not affirmative defenses. *See Major v. Bossard Inc.*, No. CV-20-00530-TUC-JCH, 2021 WL 2566984, at *1 (D. Ariz. Mar. 12, 2021) (noting "[a]n affirmative defense is a defense on which the defendant has the burden of proof").

The challenged defenses Plaintiff contends are factually insufficient include the: First (failure to state a claim), Third (fault), Fourth (no violation of TCPA), Seventh (laches/unclean hands), Eighth (statute of limitations), Tenth (third-party fault), Twelfth (mitigation of damages), Thirteenth (knowledge/willfulness), Fifteenth (good faith), Eighteenth (waiver/estoppel), Nineteenth (liability preclusion), Twenty-Fourth (failure to meet pleading requirements), Twenty-Fifth (speculative relief), Twenty-Seventh (consent to calls), Twenty-Eighth (arbitration), and Thirty-First Affirmative Defenses (reservation to assert additional defenses). The First, Third[2], Fourth, Tenth, Nineteenth, Twenty-Fourth, Twenty-Fifth, and Twenty-Seventh generally challenge the adequacy of Plaintiff's Complaint, deny that he can meet his burden of proof, or dispute the merits of the claim. In other words, these defenses are not true affirmative defenses. Plaintiff has

---

[2] Defendant argues this defense by explaining that it "may assert that Plaintiff or the putative class consented to the calls at issue, thereby barring their claims." (Doc. 36 at 14.) The Court finds this defense essentially duplicative of the Twenty-Seventh.

not asserted he would suffer prejudice in defending against these defenses, and there is nothing stopping Defendant from arguing on motion or at trial the merits of Plaintiff's claims or sufficiency of proof.  Therefore, the Court strikes these defenses as this presents a "no harm, no foul" situation.  *See Martinez*, 2019 WL 1777300, at *2–4 (noting that striking the offending affirmative defenses amounted to a "no harm, no foul" situation because it had no practical effect on the litigation).  Additionally, the Thirty-First defense does not present a defense at all, and to the extent Defendant seeks to add affirmative defenses, it must comply with Rule 15 of the Federal Rules of Civil Procedure.  *See Fed. Trade Comm'n v. N. Am. Mktg. & Assocs., LLC*, No. CV-12-0914-PHX-DGC, 2012 WL 5034967, at *3 (D. Ariz. Oct. 18, 2012).  Therefore, the Court will also strike this defense.

For the Seventh, Eighth, and Eighteenth defenses, the Court finds these present valid affirmative defenses.  The Federal Rules do not demand the particularity for which Plaintiff contends is required.  *BBK Tobacco*, 2019 WL 6065782, at *1.  Notably, for the Eighth defense relating to an applicable statute of limitations, there is a single claim asserted against Defendant providing Plaintiff with ready means to deduce the applicable limitations.  Defendant's Thirteenth and Fifteenth defenses address the availability of statutory damages exceeding $500.00 per violation or treble damages and provide Plaintiff with fair notice as to its intent to pursue this defense and remains subject to future factual development.  At this early stage in litigation, the Court does not find striking these defenses appropriate for factual insufficiency.

As to Defendant's Twelfth defense, "the weight of available authority indicates that there is no duty to mitigate statutory damages in these [TCPA] cases."  *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2017 WL 5720548, at *2 (C.D. Cal. Nov. 6, 2017) (collecting cases).  Therefore, the Court will strike this defense.

Finally, for the Twenty-Eighth defense, the availability of arbitration and the facts supporting are uniquely in Defendant's possession.  However, Defendant has provided no facts or explanation to provide Plaintiff with notice of the details of its right to assert arbitration.  The Court finds this defense fails even under the lesser standard and will strike

the defense.

Now the Court turns to the legal sufficiency arguments for the remaining challenged defenses—Second (personal jurisdiction), Seventh (laches/unclean hands), Ninth (parties not covered by statute), Sixteenth (procedures to avoid violations), Eighteenth (estoppel), and Twenty-Ninth (written procedures that comply with DNC laws).

For the Second defense, Plaintiff has cited no applicable authority or explained why this defense is factually or legally insufficient and has not argued prejudice. Likewise, for the Seventh and Eighteenth defenses, Plaintiff does not provide any independent reasoning applicable to the defenses to explain the how are why they are legally insufficient beyond conclusory argument. Therefore, the Court declines to strike these defenses.

Lastly, the Ninth, Sixteenth, and Twenty-Ninth defenses are effectively denials of liability and do not appear to be asserted as affirmative defenses. For the reasons stated prior, the Court will strike these defenses.

## IV.    CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff's Motion to Strike Purported Affirmative Defenses (Doc. 34) is **granted in part** and **denied in part**. The Court strikes Defendant's First, Third, Fourth, Ninth, Tenth, Twelfth, Sixteenth, Nineteenth, Twenty-Fourth, Twenty-Fifth, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, and Thirty-First. The Court will not strike Defendant's remaining defenses.

Dated this 22nd day of November, 2024.

Honorable Susan M. Brnovich
United States District Judge