**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Abrahamian,<br><br>          Plaintiff,<br><br>v.<br><br>loanDepot.com LLC,<br><br>          Defendant. | No. CV-23-00728-PHX-SMB<br><br>**ORDER** |

Before the Court is Defendant loanDepot.com LLC's ("loanDepot") Motion for Leave to Amend its Answer and Affirmative Defenses (Doc. 47). The parties fully briefed the pending Motion (*see* Doc. 48 (Plaintiff Lee Abrahamian's Response); Doc. 50 (loanDepot's Reply)). Having considered the parties' briefings and the applicable law, the Court will deny the Motion.

**I.    BACKGROUND**

The issue before the Court is narrow—whether leave to amend is warranted to supplement a stricken affirmative defense that reserved the right to assert arbitration nearly two years after this lawsuit was filed.

Plaintiff Lee Abrahamian filed this lawsuit in April 2023. (Doc. 1 (Complaint); Doc. 14 (First Amended Complaint) at 2–4.) Abrahamian claims entitlement to statutory damages after he received allegedly unsolicited phone calls and a text message from loanDepot in violation of the Telephone Consumer Protection Act. (Doc. 14 at 2–4, 6.) In March 2024, following various motions and extensions, loanDepot filed its Answer to the

1  First Amended Complaint and asserted thirty-one affirmative defenses. (*See* Doc. 31.)
2  This Court entered a Scheduling Order on April 11, 2024, setting a sixty-day deadline (June
3  10, 2024) to file amended pleadings. (Doc. 33 at 1.) On May 6, 2024, Abrahamian moved
4  to strike various defenses. (Doc. 34.) Relevant here, the Court granted Abrahamian's
5  Motion, striking loanDepot's affirmative defense where it "reserve[d] the right to assert
6  arbitration." (Doc. 46 at 8; *see also* Doc. 31 at 14.) In doing so, the Court agreed with
7  loanDepot that asserting affirmative defenses does not require meeting the *Twombly*/*Iqbal*
8  pleading standard, but rather under a lower standard, a defendant must provide "fair notice"
9  by stating in general terms the nature and grounds for the defense (Doc. 46 at 6–7, 8); *see*
10 *generally Ader v. SimonMed Imaging Inc.*, 324 F. Supp. 3d 1045, 1049 (D. Ariz. 2018)
11 ("The Supreme Court has long held that fair notice requires only a plain statement of the
12 nature and grounds of a claim or defense."). However, the Court concluded that loanDepot
13 failed even under that lesser standard.

14 LoanDepot now moves for leave to amend its stricken arbitration defense to state:
15 "loanDepot reserves the right to assert arbitration because pursuant to loanDepot's records,
16 on July 25, 2015, Plaintiff visited bills.com and entered his phone number and accepted
17 the disclosure, which included an arbitration provision." (Doc. 47-1 at 14.)

18 **II.     LEGAL STANDARD**

19 Federal Rule of Civil Procedure 15(a) requires that leave to amend be "freely give[n]
20 when justice so requires." Leave to amend should not be denied unless "the proposed
21 amendment either lacks merit or would not serve any purpose because to grant it would be
22 futile in saving the plaintiff's suit." *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d
23 458, 459 (9th Cir. 1986). Therefore, "a district court should grant leave to amend even if
24 no request to amend the pleading was made, unless it determines that the pleading could
25 not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122,
26 1127 (9th Cir. 2000) (cleaned up).

27 **III.    DISCUSSION**

28 As a preliminary matter, the Court first addresses procedural arguments and issues

before reaching whether leave to amend is warranted.

Abrahamian argues the Court should deny loanDepot's Motion for its failure to comply with Local Rule of Civil Procedure 15.1 and failure to request an amendment to the Court's Scheduling Order (Doc. 33) before seeking leave to amend. (Doc. 48 at 2–6.)

Local Rule 15.1 requires a movant to "must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, *by bracketing or striking through the text to be deleted and underlining the text to be added*." LRCiv. 15.1(a) (emphasis added). LoanDepot did attach a proposed Amended Answer, however, it failed to bracket or strike through the amended text. (*See* Doc. 47-1 at 14.) Abrahamian complains that the failure to adhere to the rule has "deprived [his] ability to review and address the actual proposed pleading." (Doc. 48 at 2.) LoanDepot attached a compliant proposed Amended Answer to its Reply. (Doc. 50-1.) Given that the instant Motion deals with a single affirmative defense regarding the narrow arbitration issue, Abrahamian aptly briefed the Motion, and loanDepot acknowledge and corrected its deficient filing, the Court will exercise its discretion and decline to summarily dismiss the Motion on this ground.

Next, Federal Rule of Civil Procedure 16(b)(4) requires a party to request the Court to modify a schedule "only for good cause."  "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Courts may deny a motion for leave to amend where the movant fails to request a modification of the scheduling order prior, however, courts may also construe untimely motions for leave to amend as a request to modify a scheduling order. *MiCamp Sols. LLC v. Nat'l Processing LLC*, No. CV-19-05468-PHX-MTL, 2021 WL 289661, at *2 (D. Ariz. Jan. 28, 2021). Here, loanDepot, although not explicitly requesting a modification or separately moving for a modification, has argued there is good cause to modify the Scheduling Order under Rule 16(b)(4). (Doc. 47 at 6–7.) LoanDepot contends that it has shown good cause because it filed its Answer reserving its right to compel arbitration on March 27, 2024. The parties

then met and conferred regarding the various affirmative defenses and loanDepot indicated that it planned to amend its arbitration defense at a later date. To explain the delay in seeking leave to amend, loanDepot explains that it waited because Abrahamian filed his Motion to Strike on May 6, 2024 and planned to wait on the Court's ruling. (*Id.*) Additionally, loanDepot posits that its delay was in the interest of judicial efficiency, thus further supporting good cause. (*Id.* at 8–9.)

The Court finds that loanDepot's arguments are consistent with a request to modify the Scheduling Order to permit it to seek leave to amend its Answer. Therefore, the Court will treat the arguments as such and evaluate whether loanDepot has demonstrated good cause. The "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (citation omitted). The focus of the Court's inquiry is on the moving party's reasons for seeking a modification, and if the party was not diligent, the inquiry should end. *Id.*

First, looking at the temporal concerns of loanDepot's request, as Abrahamian points out, loanDepot was aware of the need to and intended to amend its arbitration defense around April 23, 2024. (*See* Doc. 48 at 4–6; *see also* Doc. 49-1 at 1, 5–6.) Prior to this, the Court's April 11, 2024 Scheduling Order set the deadline to amend pleadings for June 10, 2024. (Doc. 33 at 1.) LoanDepot filed its Response to Abrahamian's Motion to Strike on May 20, 2024, in which it reiterated that it would amend its answer to include additional factual support for its arbitration defense. (*See* Doc. 36 at 13.) Rather than seeking leave to amend its Answer and moot the issue, loanDepot waited to see the disposition of that Motion. *See, e.g.*, *BMW of N. Am., LLC v. WIN.IT Am., Inc.*, No. CV178826PSGMRWX, 2019 WL 12536807, at *3 (C.D. Cal. Feb. 21, 2019) (finding a lack of diligence where a party decided to wait and see rather than make reasonable efforts to investigate and litigate their case). Further, loanDepot does not contend that the

information added in its amendment was unavailable, which would have otherwise rendered it impossible for loanDepot to add unknown facts before the amendment deadline.

It is not clear to the Court why the amendment is necessary, but evidently, loanDepot's concern pertains to preservation of its defense. *See* (Doc. 47 at 7 (arguing that "loanDepot acted diligently in preserving its arbitration defense").) However, failure to raise the right to assert arbitration as an affirmative defense is not inconsistent with the right to arbitrate a case. *See Roman v. Jan-Pro Franchising Int'l, Inc.*, 342 F.R.D. 274, 292 (N.D. Cal. 2022) (collecting Ninth Circuit cases). Whether a party states that it has a right to arbitration in pleadings is relevant to whether a party has engaged in acts that are inconsistent with the right to arbitrate, and thus waived its right, but the reservation itself is not dispositive to the issue. *See Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016). Therefore, as a matter of judicial efficiency, allowing the amendment seemingly makes no difference.

Thus, the Court finds that loanDepot has not adequately explained its delay in seeking leave to amend its Answer and thereby has not demonstrated good cause to modify the scheduling order. As such, the request is denied. Absent a modification to this Court's Scheduling Order, loanDepot's pending Motion is untimely and thus denied.

## IV.   CONCLUSION

Accordingly,

**IT IS HEREBY Ordered denying** loanDepot's Motion for Leave to Amend its Answer and Affirmative Defenses (Doc. 47).

Dated this 28th day of January, 2025.

Honorable Susan M. Brnovich
United States District Judge